1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| BENJAMIN VANFOSSAN, | Case No. 1:20-cv-00173-DAD-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED, IN PART, AND DENIED IN PART; RECOMMENDING THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, IN PART, AND DENIED, IN PART |
| v. | |
| ARNEL DE LOS SANTOS, et al., | |
| Defendants. | |
| | (ECF Nos. 37, 50) |
| | ORDER REQUIRING SETTLEMENT CONFERENCE REPORT 14 DAYS AFTER RULING ON MOTIONS BY DISTRICT JUDGE |
| | (ECF No. 58) |
| | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

        Plaintiff Benjamin VanFossan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed on January 24, 2020, pursuant to 42 U.S.C. § 1983. Defendants Arnel De Los Santos, A. Gonzales, Jr., Theresa Lewandowski, R. Alkire, Cruz, and Robles have moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to his claims against them. (ECF No. 50). Defendants admit that Plaintiff exhausted his administrative remedies as to Amaya and Huerta. (ECF No. 50-2, p. 2). Plaintiff has also moved for summary judgment, arguing that he has exhausted all his administrative remedies. (ECF No. 37). For the reasons given below, it is recommended that

                                          1

Defendants' motion for summary judgment be granted to the extent that it requests a ruling that Plaintiff failed to exhaust his administrative remedies as to De Los Santos, Alkire, Cruz, and Robles, and denied to the extent that it requests a ruling that Plaintiff failed to exhaust his administrative remedies as to Gonzales and Lewandowski. It is further recommended that Plaintiff's motion for summary judgment be granted to the extent that it requests a ruling that Plaintiff exhausted his administrative remedies as to Gonzales and Lewandowski, and denied to the extent that it requests a ruling that Plaintiff exhausted his administrative remedies as to De Los Santos, Alkire, Cruz, and Robles.

## I.    BACKGROUND

### A.    Summary of Plaintiff's Claims

This action proceeds on Plaintiff's due process claims against defendants John Amaya, R. Alkire, Cruz, A. Gonzales, Jr., Richard Huerta, Theresa Lewandowski, Arnel DeLos Santos, and M. Robles.[1] (ECF No. 20).

Plaintiff's allegations stem from an incident on April 8, 2017, in which he asserts he was falsely accused of masturbating in a shower by a correctional officer while confined at California State Prison Corcoran. He was issued a rules violation report (RVR) dated April 8, 2017, for indecent exposure. In connection with this RVR, and a reissued RVR for the same conduct, Plaintiff alleges that he was denied due process.[2]

Specifically, Plaintiff alleges that De Los Santos, a correctional lieutenant at Corcoran, told Plaintiff he would have to remain in administrative segregation (ASU) pending a hearing on the RVR. De Los Santos prepared a crime incident report in relation to the shower incident, which Plaintiff asserts contains false information about alleged prior incidents of similar conduct. The crime incident report resulted in penalties, including Plaintiff being required to wear an indecent exposure control jumpsuit when he left his cell, having a yellow placard

---

[1] The District Judge noted that the findings and recommendations failed to find cognizable due process claims against De Los Santos but concluded it "was a mere oversight," pointing out that the order screening the initial complaint had found the claims listed against De Los Santos cognizable, with those claims being later brought in the first amended complaint. (ECF No. 20, p. 2).

[2] Because Defendants admit that Plaintiff exhausted his administrative remedies as to Amaya and Huerta, the Court does not discuss Plaintiff's claims against these Defendants.

placed on his cell windows for ninety days limiting his view of staff, and losing ten days of yard time. Lastly, De Los Santos allegedly failed to ensure that Huerta, the investigative employee (IE) tasked with gathering all the evidence and facts necessary for Plaintiff's RVR proceedings, conducted an adequate investigation.

Plaintiff was found guilty of his RVR hearing by Amaya and placed on ninety days' loss of phones, packages, canteen, property, yard and dayroom. Plaintiff alleges this was double jeopardy to the ninety days that he already spent in ASU. The loss of privileges was signed by Gonzales, a correctional lieutenant at Corcoran, acting for Amaya. Gonzales had Plaintiff's record to see that Plaintiff had already served multiple restrictions. Plaintiff was transferred after his hearing to California State Prison, Los Angeles County. Lewandowski was the chief disciplinary officer and associate warden at Los Angeles County and endorsed certain loss of privileges. She also signed the final copy of the disciplinary report.

Plaintiff was later transferred to High Desert State Prison. Plaintiff appealed the guilty finding from his RVR, which appeal was ultimately granted. Robles, a correctional officer at High Desert State Prison, was the assigned IE for the ensuing RVR that was reissued and allegedly failed to collect evidence, locate witnesses, or serve as a factfinder. According to Plaintiff, Cruz and Alkire, correctional lieutenants at High Desert State, violated Plaintiff's rights to a fair hearing in connection with the second RVR by not obtaining evidence, questioning witnesses, and not directing the assigned IE to properly complete an investigation. Ultimately, after a hearing on the second RVR on December 30, 2019, Plaintiff was found guilty.

### B.   Motions for Summary Judgment

On April 19, 2021, Plaintiff filed a motion for summary judgment asking the Court to rule that he had properly exhausted all remaining claims and Defendants. (ECF No. 37).[3] Defendants, after receiving extensions to respond, filed an opposition to the motion on September 10, 2021. (ECF No. 49).

---

[3] As part of this filing, Plaintiff also moved to amend his complaint, which motion the Court denied on July 1, 2021. (ECF No. 45).

On September 11, 2021, Defendants Arnel De Los Santos, A. Gonzales, Jr., Theresa Lewandowski, R. Alkire, Cruz, and Robles moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies as to his claims against them; however, the motion concedes that Plaintiff exhausted his claims against Defendants John Amaya and Richard Huerta. (ECF No. 50). On November 5, 2021, Plaintiff filed a combined opposition to Defendants' motion for summary judgment and a reply in support of his motion for summary judgment. (ECF No. 55). On November 15, 2021, Defendants filed a reply in support of their motion for summary judgment. (ECF No. 56).

## II.     LEGAL STANDARDS

### A.     Summary Judgment

A party may move for summary judgment on a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn"; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed." *Anderson*, 477 U.S. at 255.

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

In reviewing cross-motions for summary judgment, a court is required to consider each motion on its own merits. *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

In a defendant's motion for summary judgment for failure to exhaust, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino II*, 747 F.3d at 1172. If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* However, "the ultimate burden of proof remains with the defendant." *Id.* "If material facts are disputed, summary judgment

should be denied, and the district judge rather than a jury should determine the facts." *Id.* at 1166.

When a plaintiff moves for summary judgment on an affirmative defense, the "Plaintiff has both the initial burden of production and the ultimate burden of persuasion on the motion for summary judgment. To meet [the] burden of production, Plaintiff must either produce evidence negating an essential element of Defendants' affirmative defense or demonstrate that Defendants do not have enough evidence of an essential element to carry its ultimate burden of persuasion . . . ." *Werner v. Evolve Media, LLC*, No. 2:18-CV-7188-VAP-SKX, 2020 WL 3213808, at *7 (C.D. Cal. Apr. 28, 2020), *motion for relief from judgment denied*, 2020 WL 7890835 (C.D. Cal. Nov. 10, 2020) (internal quotation marks and citation omitted). When a plaintiff has met his burden, the defendant must produce evidence to show that summary judgment is improper. *Kouba v. Allstate Ins. Co.*, 523 F. Supp. 148, 160 (E.D. Cal.), *rev'd on other grounds*, 691 F.2d 873 (9th Cir. 1982) ("That is to say, when plaintiff moves for partial summary judgment on a pled affirmative defense the plaintiff has the initial burden of producing evidence, but once that burden is discharged the defendant must produce evidence or plaintiff is entitled to partial summary judgment.").

### B.    Exhaustion

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736 (2001); *see Ross*

*v. Blake*, 578 U.S. 632, 643 (2016).

There are no "special circumstances" exceptions to the exhaustion requirement. *Ross*, 578 U.S. at 648. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. The *Ross* Court described this qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 643-44 (internal citations omitted).

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005). The failure to exhaust in compliance with section 1997e(a) of the PLRA is an affirmative defense that defendants have the burden of raising and proving. *Jones*, 549 U.S. at 216.

## III.    DISCUSSION

### A.    Undisputed Facts Regarding Exhaustion

At issue is whether various prison appeals, provided by Plaintiff as attachments (Exhibits A-E), exhausted his administrative remedies. (ECF No. 55). While the parties dispute whether these appeals were legally sufficient as to exhaust Plaintiff's claims, they do not dispute the existence or factual content of the appeals themselves.[4]

---

[4]  Plaintiff has provided appeal logs that Defendants failed to provide. Notably, Defendants do not challenge the authenticity of the appeal logs that Plaintiff provided.

### 1.      Exhibit A - Appeal Log COR-17-04532/TLR 1712229

Plaintiff submitted this appeal on August 20, 2017, complaining about being falsely accused of masturbating, that Huerta (the IE) did not adequately investigate his first RVR, and that Amaya improperly found him guilty of the RVR. (ECF No. 55, pp. 39-42). This appeal was bypassed at the first level of review. (*Id.* at 39). At the second level, the appeal was denied; however, at the third level, the appeal was granted, in part, on November 29, 2018, because "the issues raised could have merit," and it was ordered that the RVR be reissued and reheard. (*Id.* at 37-38).

### 2.      Exhibit B - Appeal Log COR-17-02815/TLR 1800304

Plaintiff submitted this appeal on May 30, 2017, complaining about Huerta's lack of efforts when serving as the IE for Plaintiff's first RVR, generally alleging that Huerta did not adequately question witnesses, and requesting to be assigned a new IE. (*Id.* at 79-81). At the first level of review, the appeal was granted, stating that Plaintiff would have been assigned a new IE but he waived the services of an IE. (*Id.* at 84). Plaintiff appealed, stating that he was coerced to withdraw his IE request, and was denied relief at the second level. (*Id.* at 80, 82-83). The appeal was canceled as untimely submitted at the third level of review. (*Id.* at 78).

### 3.      Exhibit C - Appeal Log COR-19-05300/HDSP-19-03134/TLR 1911487

Plaintiff submitted this appeal on July 25, 2019, complaining about the delay in his second RVR being reissued and having a hearing and requesting that his record be cleared of any guilt finding on the first RVR. (*Id.* at 89-91). The appeal was bypassed at the first level of review. (*Id.* at 89). At the second level, the appeal was partially granted as to Plaintiff receiving a reissued RVR and a hearing. (*Id.* at 95). At the third level, the appeal was denied on October 1, 2019, because Plaintiff's disciplinary action could not be appealed until the hearing process was complete and a decision on the second RVR had been reached. (*Id.* at 88).

### 4.      Exhibit D - Appeal Log COR-20-00563/HDSP-20-00410/TLR 2005180

Plaintiff submitted this appeal on January 30, 2020, complaining that De Los Santos

falsified the crime incident report and complaining about penalties imposed as a result, *e.g.*, the exposure control jumpsuit. (*Id.* at 99). The appeal was canceled at the first level review as untimely submitted. (*Id.* at 101). After being again canceled at the second level, the appeal was rejected for further review by the CDCR Office of Appeals on January 15, 2021.  (*Id.* at 97, 102).

### 5.   Exhibit E - Appeal Log HDSP-20-00148/000000027964/TLR 2007447

Plaintiff submitted this appeal on January 18, 2020, complaining about the handling of his second RVR proceedings by Robles, Cruz, and Alkire. (*Id.* at 109-110). The appeal was stamped as received on January 22, 2020. (*Id.* at 109). The first level of review indicates that the appeal was forwarded on January 28, 2020, to California State Prison - Los Angeles County for processing. (*Id.* at 108). The record is unclear what exactly happened next, but an inmate-request-for-interview form submitted by Plaintiff claimed that the appeal had been attached to an unrelated appeal and returned unanswered to him in March 2020, so he resubmitted the appeal. (*Id.* at 107, 112). The appeal was later rejected as untimely by the "COR-Central Service" on August 25, 2020. (*Id.* at 133). On February 2, 2021, the CDCR Office of Appeals rejected the appeal stating that it had been submitted for processing at an inappropriate level and was being forwarded to the Grievance Office at the institution for further action. (*Id.* at 116).

### B.   The Parties' Positions

#### 1.   Defendants' motion for summary judgment

Citing to the California Code of Regulations, Defendants argue that administrative remedies were available to Plaintiff regarding his claims.[5] (ECF No. 50-2, p. 5). Specifically, at the time of the relevant events in the first amended complaint, the California prison system provided for three levels of review for an inmate to "appeal any policy, decision, action,

---

[5] The Court starts its discussion with Defendants' motion for summary judgment because they concede that Plaintiff exhausted his administrative remedies as to Defendants Amaya and Huerta, which admission narrows the scope of discussion when the Court turns to Plaintiff's motion for summary judgment.

condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." (*Id.* (quoting Cal. Code Regs. tit. 15, § 3084.1(a) (in effect until June 1, 2020))). An inmate initiates an appeal by submitting a CDCR Form 602 describing the "specific issue under appeal" and "all facts known and available to him/her regarding the issue being appealed." (*Id.* (quoting Cal. Code Regs. tit. 15, § 3084.2(a) (in effect until June 1, 2020))). Thereafter, the inmate may seek second level review if the appeal is denied or if the inmate is unsatisfied with the decision.  (*Id.* (quoting Cal. Code Regs. tit. 15, § 3084.7(a) (in effect until June 1, 2020))). And lastly, if the issue is still unresolved, the inmate may seek a third level review, which exhausts the inmate's administrative remedies. (*Id.* (quoting Cal. Code Regs. tit. 15, § 3084.7(c), (d)(3) (in effect until June 1, 2020))).

Defendants assert that, although Plaintiff filed some grievances around the time of the events described in the complaint, "Plaintiff never submitted any grievance regarding his claims against Defendants De Los Santos, Gonzalez, Lewandowski, Alkire, Cruz, or Robles. . . , and therefore never received a response at any level of review, including the third and final level of review which would have rendered his grievances exhausted." (*Id.* at 6). Accordingly, Defendants argue that the claims against these Defendants should be dismissed without prejudice. (ECF No. 56, p. 5). Defendants admit that Plaintiff exhausted his administrative remedies as to his claims against Defendants Amaya and Huerta. (ECF No. 50-2, p. 2).

In support of the motion for summary judgment, Defendants have submitted a copy of the RVR that was reissued, a copy of one of Plaintiff's appeals that was addressed through the third level of review, a list of appeals filed by Plaintiff, and declarations from the appeals coordinators at each of the relevant facilities mentioned in the complaint: California State Prison, Corcoran – declaration of L. Carrol; California State Prison, Los Angeles County – declaration of D. Sanchez; and High Desert State Prison – declaration of D. Espinosa. The declaration from L. Carrol at Corcoran describes the three-step appeal process in place at the time of the events of the complaint and states that Plaintiff never filed an appeal relating to

Defendants De Los Santos or Gonzales concerning the events alleged in the first amended complaint while housed at Corcoran. (ECF No. 50-3, pp. 23-26). The declaration from D. Sanchez at Los Angeles County states that Plaintiff never filed an appeal relating to Defendant Lewandowski while he was housed at Los Angeles County. (*Id.* at p. 30). The declaration from D. Espinosa at High Desert State Prison states that Plaintiff never filed an appeal relating to Defendants Alkire, Cruz, or Robles while he was housed at High Desert State Prison. (*Id.* at p. 38).

### 2.  **Plaintiff's opposition**

Plaintiff's asserts that he did file appeals as to all his claims against the remaining Defendants, citing to specific appeal logs for each Defendant.[6] (*See* ECF No. 55). He also contends that prison officials failed to properly process some of his grievances, rendering his administrative remedies exhausted.

In support of his opposition, Plaintiff has attached copies of the pertinent appeal logs, copies of the report from Dr. Vasilescu, his initial and second RVR, and his own declaration. (*See* ECF Nos. 35, 55).

### 3.  **Defendants' reply**

Defendants' reply argues that Plaintiff failed to admit or deny their statement of undisputed facts as required by Local Rule 260(b) and thus Defendants' motion for summary judgment should be granted on this basis alone. (ECF No. 56, p. 2). Additionally, they argue that none of the appeals cited by Plaintiff properly exhausted his administrative remedies. (*Id.* at 5).

### 4.  **Plaintiff's motion for summary judgment**

Citing to his appeals, Plaintiff argues that he has exhausted his administrative remedies as to each Defendant either through the appeal process or through prison officials' failure to properly process the appeal. (ECF No. 37, *see* ECF No. 35). Plaintiff requests that, if the Court concludes that he did not exhaust certain claims, that those claims be dismissed without

---

[6] The Court will identify and discuss the specific appeals as to each Defendant later in these findings and recommendations.

1   prejudice. (ECF No. 37, p. 17).  Plaintiff has attached his own declaration and provided copies

2   of his appeal logs in support of his motion. (ECF No. 37, p. 27, *see* ECF No. 35).

### 5.   Defendants' opposition

4       Defendants argue that Plaintiff has produced no evidence in support of his motion and

5   has failed to provide a statement of undisputed facts as required by Local Rule 260(a); thus, his

6   motion should be denied "[f]or this reason alone." (ECF No. 49, p. 5). Additionally, Defendants

7   characterize Plaintiff's motion as "admit[ting] that he completely failed to exhaust his

8   administrative remedies because he believed it would be futile, or he commenced the inmate

9   appeal administrative review process after the time for filing an appeal had expired." (*Id.*).

10  They argue there is no basis to excuse his failure to exhaust. Defendants offer no evidence in

11  support of their opposition.

### 6.   Plaintiff's reply

13      Plaintiff's reply argues that he has in fact supplied evidence in support of his motion,

14  pointing to the exhibits of his appeals that he cited to throughout his motion for summary

15  judgment. (ECF No. 55, p. 2). Plaintiff has attached a statement of undisputed facts to his reply

16  as well as copies of the appeal logs that he asserts are relevant. (*Id.* at 18).

### C.   Analysis[7]

18       Defendants have shown, and Plaintiff does not dispute, that there was a process in place

19  for him to pursue his administrative remedies. (ECF No. 55, p. 5). Specifically, at the time

20  relevant to Plaintiff's claims, he could "appeal any policy, decision, action, condition, or

---

[7] As an initial matter, Defendants argue that Plaintiff's motion for summary judgment should be denied, and their motion for summary judgment should be granted, based solely on Plaintiff's failure to comply with Local Rule 260, which requires a statement of undisputed facts when moving for summary judgment or a statement admitting or denying such facts when opposing summary judgment. Federal Rule of Civil Procedure 56(e)(2) further provides that, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  The Court declines to recommend that the motions be decided on this basis. Again, the material facts in this case are undisputed, including the facts set forth in Defendants' statement of undisputed facts.  Notably, Plaintiff's opposition brief includes a section called "Statement of Disputed Facts," which purports to dispute certain "facts," but really only disputes factual assertions going to the legal question of whether he properly exhausted his administrative remedies. (ECF No. 55, pp. 18, 27). Plaintiff has also provided his declaration, which addresses his efforts to exhaust his claims. (*See id.* at 28). Accordingly, the Court recommends reaching the merits of the parties' motions for summary judgment.

omission by the department or its staff that the inmate or parolee [could] demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (in effect until June 1, 2020))). And if his issues were unresolved to his satisfaction, he could seek second and third level review.  Accordingly, the issue becomes whether Plaintiff exhausted his available remedies as to each of his claims against the remaining Defendants.[8]

### 1.     De Los Santos

Relying on the declaration of L. Carrol, the appeals coordinator for Corcoran, Defendants argue in their motion for summary judgment that Plaintiff never filed an appeal relating to his allegations that De Los Santos falsified a crime incident report, required him to wear an exposure control jumpsuit, directed that a yellow precaution placard be placed on his cell windows limiting his view of staff for ninety days, and imposed ten days of no yard access. (*See* ECF No. 50-2, p. 2; ECF No. 50-3, p. 25; ECF No. 56, p. 3; *see also* ECF No. 15, p. 21).

Plaintiff argues in his opposition brief and motion for summary judgment that he exhausted his remedies as to each issue. (ECF Nos. 37, 55). As for the crime incident report and resulting penalties, Plaintiff asserts that it could not be challenged prior to the time that the rehearing process on the second RVR completed, which occurred in January 2020. (ECF No. 55, p. 3).  In support, Plaintiff cites Cal. Code Regs. tit. 15, § 3084.9(g)(1) (in effect until June 1, 2020), which provided as follows: "A disciplinary action cannot be appealed until the hearing process is completed, including any re-hearing." (*See* ECF No. 55, p. 21).  He asserts that he exhausted this issue in Appeal Log COR-20-00563/HDSP-20-00410/TLR 2005180. (*Id.*). However, he states that the appeal was ultimately improperly canceled upon initial review for time restraints. (*Id.*). He frames the relevant inquiry as whether his "exhaustion occurred immediately upon cancellation of Plaintiff's appeal against the fraudulent report Defendant De Los Santo authored to justify the restriction, which was before Plaintiff filed this suit, or upon receiving the third response." (*Id.*). Defendants reply that this appeal was not exhausted before

---

[8] Because Plaintiff offers nearly identical arguments and evidence in support of his motion for summary judgment as was offered in response to Defendants' motion, the parties' cross-motions for summary judgment can be analyzed collectively.

1   Plaintiff filed suit. (ECF No. 56, p. 3).

2          The Court agrees. Notably, under either of his proffered alternatives, Plaintiff did not

3   exhaust in this appeal his administrative remedies against De Los Santos before filing suit.

4   While the cited appeal does concern Plaintiff's allegations about the fraudulent crime incident

5   report (as well as his complaints about the exposure control jumpsuit and other penalties), it

6   was submitted on January 30, 2020, which is about a week after Plaintiff filed this lawsuit.

7   (ECF No. 55, p. 98-99). Plaintiff elsewhere acknowledges this in his opposition, stating that he

8   "admits that he did not cite Defendant De Los Santos['] behavior that led to his violation of

9   Plaintiff[']s due process before filing his suit." (*Id.* at 22). Accordingly, as Plaintiff did not

10  initiate the appeal on this issue until after the lawsuit had already been filed, he failed to

11  properly exhaust his administrative remedies regardless of when the appeal was thereafter

12  canceled or denied at a later level of review. *See Jones v. Bock*, 549 U.S. 199, 202 (2007)

13  (noting that prisoner's must "exhaust prison grievance procedures *before filing* suit") (emphasis

14  added).

15         As for the requirement to wear an exposure control jumpsuit, the use of the yellow

16  placard on his cell windows, and the denial of yard access, Plaintiff also asserts that he

17  exhausted these issues in Appeal Log COR-17-04532/TLR 1712229. (ECF No. 55, pp. 11-12,

18  22). Defendants argue that this appeal did not mention the issues so as to exhaust his claims

19  against De Los Santos. (ECF No. 56, p. 3).

20         The Court agrees. Notably, the cited appeal complains about Alcantar falsely accusing

21  Plaintiff of masturbating, that Huerta (the IE) did not adequately investigate his RVR, and that

22  Amaya improperly found him guilty of the RVR after telling Plaintiff that he would find him

23  not guilty. (ECF No. 55, pp. 39-42 (complaining that "Alcanatar falsely accused [him] of

24  masturbating in the lower 'B' shower," that "the I.E. had not investigated," and that Amaya

25  said that "he believed [Plaintiff's] statement" and would find him not guilty). Plaintiff does not

26  mention De Los Santos, the requirement that he wear an exposure control jumpsuit, the yellow

27  placard, or the denial of yard access.

28         However, Plaintiff still argues that this appeal was sufficient to exhaust his claims. First,

14

Plaintiff notes that the cited appeal discussed the contents of the final RVR that he received after he was found guilty, with the appeal mentioning the penalties imposed: "Guilty as charged, gives additional 90 days penalties to my 90 days ASU." (*Id.* at 22, 42). Plaintiff states that this language shows that he was complaining about the penalties assessed by De Los Santos, *e.g.*, the ninety-day yellow placard requirement. Plaintiff says that the exhibits (presumably including the crime incident report) attached to his appeal would have specified what all the penalties were and that De Los Santos was the one who imposed them. (*Id.* at 22, 47).

      As for the notice required for a prison appeal, the Ninth Circuit has stated as follows:

> Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.

*Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (citations and internal quotation marks omitted). The Ninth Circuit has concluded that the sole failure to specifically name a prison official is not fatal to exhaustion where the prison official "had full notice of the alleged deprivation and ample opportunity to resolve it." *Id.* Moreover, the Supreme Court has concluded that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievance[]."*Jones*, 549 U.S. at 219.

      Here, despite listing Alcantar, Amaya, and Huerta (among others) in this appeal regarding their involvement in his RVR, Plaintiff did not list De Los Santos in the appeal itself nor describe his involvement in assessing penalties in connection with the crime incident report. While Plaintiff asserts that attachments to the appeal would have identified De Los Santos and the penalties complained about, merely attaching exhibits does not provide any notice that Plaintiff is contesting the actions set forth in those exhibits. Moreover, the grievance and the attachments to it Plaintiff has submitted in connection with this motion is approximately sixty pages. (*See* ECF No. 55, p. 36). It is not reasonable to construe Plaintiff's

appeal as raising every issue and person set forth in those pages.  Again, the issues listed on the CDCR Form 602 concern Plaintiff's dissatisfaction with the outcome of his RVR hearing, including that he was assessed ninety days of penalties in addition to his "90 days ASU." A fair reading this appeal is that Plaintiff believed that he was wrongly assessed ninety days of additional penalties from his RVR after having already served ninety days of penalties in ASU. This is consistent with how Plaintiff framed the alleged violation in his first amended complaint. (*See* ECF No. 15, p. 15 ("Upon arrival Plaintiff was informed by CCI K. Fisbeck that CSP-COR sent word that Plaintiff was 'Found guilty' at his RVR Hearing and placed on 90 days loss of phones, packages, canteen, property, yard, dayroom. This was double jeopardy to his 90 days in CSP-COR ASU already served violating Due Process."). It is not reasonable to infer that all the information provided about Plaintiff's RVR hearing also put prison officials on notice that Plaintiff separately wished to challenge the exposure control jumpsuit, the yellow placard, and the loss of yard time. *See Stone v. Robinson*, No. 1:19-CV-00703-DAD-HBK, 2021 WL 4355607, at *10 n. 5 (E.D. Cal. Sept. 24, 2021), *report and recommendation adopted*, 2021 WL 5826801 (E.D. Cal. Dec. 8, 2021) (noting that where defendants are not named in appeal as required by California prison regulations, there must be a "sufficient connection between the grievance and the now-named Defendants such that that prison officials would have been on notice of the allegations and had the opportunity to address them").

Second, Plaintiff states that, when he filed suit, "there was no remedy to stop [him] from serving 90 additional days penalties to his 90 days ASU. In that regard there was no administrative remedy." (ECF No. 55, p. 22). Essentially, Plaintiff appears to be arguing that there was no administrative remedy to pursue because no appeal could resolve penalties that had already been served. However, exhaustion is not required only where the grievance procedure can prevent an inmate from being injured. Instead, it is required unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth*, 532 U.S. at 736. A grievance procedure can provide other forms of relief besides preventing the injury complained of in the grievance. For example, in *Booth*, the plaintiff "claimed that respondent corrections officers at Smithfield violated his

Eighth Amendment right to be free from cruel and unusual punishment by assaulting him, bruising his wrists in tightening and twisting handcuffs placed upon him, throwing cleaning material in his face, and denying him medical attention to treat ensuing injuries." 532 U.S. at 734. The plaintiff failed to exhaust administrative remedies but argued that he was not required to because the process could not provide the only relief he still wanted, which was money damages. *Id.* at 735. The Supreme Court found that dismissal for failure to exhaust was appropriate, holding that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Id.* at 741 (footnote omitted). In so holding, the Supreme Court noted that "one may suppose that the administrative process itself would filter out some frivolous claims and foster better-prepared litigation once a dispute did move to the courtroom, even absent formal factfinding." *Id.* at 737.

Lastly, Plaintiff argues that he exhausted his claim that De Los Santos failed to ensure that a proper investigation was completed by Huerta, the IE, in Appeal Log COR-17-02815/TLR 1800304. (ECF No. 55, p. 11). The cited appeal complains about Huerta's lack of efforts when serving as the IE for Plaintiff's RVR, mostly alleging that Huerta did not adequately question witnesses. (*Id.* at 81). At the end of the form, Plaintiff states: "I've written Lt. De Los Santos [] indicating if my investigation is properly handled I may like to proceed with the hearing, I am denied this opportunity as well." (*Id.*). This appeal, which focuses on Huerta's alleged failings as an IE, and only mentions De Los Santos in passing, would not sufficiently advise prison officials that De Los Santos had denied Plaintiff due process by failing to ensure a proper investigation via an apparent supervisory role over Huerta. Rather, the information about De Los Santos simply revealed that Plaintiff may desire to proceed with a hearing if he received the investigation that he thought warranted.

Because Plaintiff failed to fully exhaust his administrative remedies regarding his claims against De Los Santos prior to filing this lawsuit, Defendants' motion for summary judgment should be granted as to De Los Santos and Plaintiff's motion should be denied.

### 2. Gonzales and Lewandowski

Relying on the declarations of L. Carrol, the appeals coordinator for Corcoran, and D.

Sanchez, the appeals coordinator at Los Angeles County, Defendants argue that Plaintiff never filed an appeal relating to his allegations that Gonzales and Lewandowski violated his rights by imposing ninety days of loss of privileges for his RVR after Plaintiff had already served ninety days in penalties in ASU. (*See* ECF No. 50-2 pp. 2-3; ECF No. 50-3, p. 25, 30; ECF No. 56, p. 3; *see also* ECF No. 15, p. 21). Plaintiff argues that he exhausted his remedies as to each Defendant. (ECF Nos. 37, 55).

Plaintiff asserts that he exhausted his claims in Appeal Log COR-17-04532/TLR 1712229, pointing to the same language discussed above in connection with De Los Santos: "Guilty as charged, gives additional 90 days penalties to my 90 days ASU." (ECF No. 55, pp. 4, 22, 42). The Court agrees with Plaintiff.

As noted earlier, the focus of this appeal was Plaintiff's contention that he had been wrongly convicted of his RVR. He specifically requested that all his "rights and privileges arising from such judgment be returned" to him and specifically mentioned the ninety days of penalties that he was assessed. (*Id.* at 39, 42). While Plaintiff did not specifically identify Gonzales and Lewandowski on the face of the appeal, as noted earlier, such is not a *per se* failure to exhaust. *Jones*, 549 U.S. at 219. Here, there is a "sufficient connection between the grievance and the now-named Defendants such that that prison officials would have been on notice of the allegations and had the opportunity to address them." *Stone*, 2021 WL 4355607, at *10 n.5. Specifically, the appeal "plainly put prison officials on notice of the nature of the wrong alleged in his federal suit," that Plaintiff had been improperly assessed ninety days of penalties for his RVR, and prison officials would have known that Gonzales and Lewandowski were persons who held a role regarding the assessment of those penalties.[9] *Reyes*, 810 F.3d at 659. Because Plaintiff has fully exhausted his administrative remedies regarding his claims against Gonzales and Lewandowski, Plaintiff's motion for summary judgment should be granted as to Gonzales and Lewandowski and Defendants' motion should be denied.

---

[9] The conclusion that Gonzales and Lewandowski had some role regarding the ninety-days penalties is made solely based on the allegations of the first amended complaint and for purposes of determining exhaustion. (*See* ECF No. 15, p. 16; ECF No. 35, p. 63, 64).

3.     **Alkire, Cruz, and Robles**

Relying on the declaration of D. Espinosa, the appeals coordinator for High Desert State Prison, Defendants argue that Plaintiff never filed an appeal relating to his allegations that Alkire, Cruz, and Robles denied him due process in connection with their handling of his second RVR. (*See* ECF No. 50-2 pp. 2-3; ECF No. 50-3, p. 38; ECF No. 56, p. 4; *see also* ECF No. 15, p. 21). Plaintiff argues that he exhausted his remedies as to each Defendant. (ECF Nos. 37, 55).

Plaintiff asserts that he exhausted his claims in HDSP-20-00148/000000027964/TLR 2007447. (ECF No. 55*,* pp. 4-5, 106). He states that he submitted this appeal on January 18, 2020, and later received it back on January 23, 2020, with a stamp that marked it as received on January 22, 2020, but that did not provide any response. (*Id.* at 4). Plaintiff resubmitted this appeal and later received it back on unrelated appeal. (*Id.*). Eventually, Plaintiff received a decision that the appeal had been denied as untimely. (*Id.* at 4-5). Defendants argue that Plaintiff did not exhaust his administrative remedies in this appeal before he filed suit. (ECF No. 56, p. 4). The Court agrees.

Notably, Plaintiff submitted the appeal only a few days before filing this lawsuit. While he asserts that the issues were exhausted when the form was returned to him stamped as received but with no response on January 23, 2020, that is not the substantive response from the institution and did not exhaust Plaintiff's administrative remedies. (ECF No. 55, p. 4). According to prison regulations, prison officials have, in most instances, thirty days from the time of receipt to respond at the first level of review.[10] Cal. Code Regs. tit. 15, § 3084.8(c)(1) (in effect until June 1, 2020). But Plaintiff did not wait thirty days for an initial response, instead he filed suit nearly immediately after filing his appeal. Notably, the record reflects that, at the first level of review, the appeal was forwarded on January 28, 2020, to California State Prison - Los Angeles County for review and processing and thus had not been yet denied when the complaint was filed. (*Id.* at 108).

---

[10] Emergency appeals and involuntary psychiatric appeals have different response periods but neither is at issue here. Cal. Code Regs. tit. 15, § 3084.8(f)-(g) (in effect until June 1, 2020).

Plaintiff cites *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) as holding that a prisoner has exhausted his administrative remedies where prison policy did not instruct what to do absent a decision. (ECF No. 55, p. 4). However, that case is distinguishable because the plaintiff waited the response time provided for under prison policy before filing suit. *Brengettcy*, 423 F.3d at 678, 682 (7th Cir. 2005) Here, Plaintiff filed his lawsuit before awaiting the thirty-day period for a response.

Additionally, Plaintiff argues that he exhausted his claims against Alkire, Cruz, and Robles in appeal log COR-17-04532/TLR 1712229—the appeal where he complained about his initial RVR proceedings— and appeal log COR-19-05300/HDSP-19-03134/TLR 1911487—the appeal where he complained about the delay in his RVR being reissued and reheard. (ECF No. 37, p. 9-10). Plaintiff's theory appears to be that Alkire, Cruz, and Robles repeated the same complained of violations in handling his second RVR as occurred with his first RVR and that prison officials delayed his second RVR proceedings to ensure that he never received due process. (*Id.*). Although the alleged violations in connection with the first and second RVRs are similar, that does not mean that exhausting one exhausted the other. Moreover, both appeals concerned events arising before the second RVR proceedings occurred. Simply put, Plaintiff could not have exhausted issues in these appeals that had not yet occurred.

Because Plaintiff failed to fully exhaust his administrative remedies regarding his claims against Alkire, Cruz, and Robles, Defendants' motion for summary judgment should be granted as to Alkire, Cruz, and Robles and Plaintiff's motion should be denied.

**IV.   ORDER**

Lastly, the Court has received Defendants' settlement conference report indicating that, after conferring, "the parties agreed that a settlement conference would not be productive at this time," but that they "agreed to resume informal settlement discussions, as needed, once the Court rules on Defendants' pending exhaustion-based motion for summary judgment." (ECF No. 58, p. 1). Given the parties' position, the Court will not set a settlement conference at this time. However, within fourteen days of the District Judge's ruling on the parties cross-motions for summary judgment, IT IS ORDERED that Defendants shall file an updated report regarding

whether Defendants want the Court to set a settlement conference.

## V.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1.    Defendants' motion for summary judgment (ECF No. 50) be granted to the extent that it requests a ruling that Plaintiff failed to exhaust his administrative remedies as to De Los Santos, Alkire, Cruz, and Robles, and denied to the extent that it requests a ruling that Plaintiff failed to exhaust his administrative remedies as to Gonzales and Lewandowski.

2.    Plaintiff's motion for summary judgment (ECF No. 37) be granted to the extent that it requests a ruling that Plaintiff exhausted his administrative remedies as to Gonzales and Lewandowski, and denied to the extent that it requests a ruling that Plaintiff exhausted his administrative remedies as to De Los Santos, Alkire, Cruz, and Robles.

3.    The claims in this action against De Los Santos, Alkire, Cruz, and Robles be dismissed without prejudice for failure to exhaust.

4.    The Clerk be directed to terminate De Los Santos, Alkire, Cruz, and Robles as Defendants on the docket.

5.    This action proceed on the claims against Gonzales, Lewandowski, Amaya, and Huerta.[11]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (21) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

\\\

---

[11] As noted, Defendants admit that Plaintiff exhausted his administrative remedies as to Amaya and Huerta.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 27, 2022**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE